28957. STATE MUTUAL INSURANCE COMPANY *v.* GIST *et al.,* executors.

DECIDED SEPTEMBER 22, 1941.

*Wright & Willingham,* for plaintiff in error.
*Maddox & Griffin,* contra.

GARDNER, J. It appears that the State Mutual Insurance Company had issued a policy of life insurance on the life of Mrs. Blanche Gist, and that she had borrowed a certain sum against the reserve of the policy. The interest-paying date was November 23, each year. The interest on the loan was paid on November 23, 1939, for one year in advance. She died January 21, 1940. After her death the face amount of the policy, $5000, less the principal of the loan inclusive of the full year's interest which had been paid on November 23, 1939, was paid to the beneficiary, John M. Gist, the son of the insured and one of the executors. The beneficiary signed the following receipt: "Being in full settlement of all claims and liability under policy No. 22575," the policy in question. The executors contend that under the policy and loan agreement they are entitled to recover as unearned interest the interest approximately for ten months from the date of death to the anniversary of the policy and loan maturity. The defendant denies liability; first, on the ground that the contract does not provide for a return of interest in the event of the death of the insured, but only on the repayment of the loan during the lifetime of the insured; and, second, that if any interest was due as unearned for the period it was due the beneficiary, John M. Gist, and not to the estate of

the insured, and that John M. Gist had made an accord and satisfaction of all claims involved. The question as to whether the contract provided for the return of interest upon the death of the insured was challenged by a demurrer to the petition, which was overruled. The issue as to accord and satisfaction was raised by the answer, to which a demurrer was sustained. The exceptions are to these judgments. The case therefore presents only two questions for consideration: first, whether, under the loan agreement, there was any obligation on the part of the company to refund any unearned interest when the loan had not been paid by the insured during her lifetime, but had been paid by the maturity of the policy as a death claim; and, second, whether there was an accord and satisfaction as pleaded.

The provisions of the loan contract material to an understanding of the issues are as follows: "On maturity of the policy as a death claim, or an endowment, or upon the surrender of the policy for cash value, or the selection of a discontinuing option, the amount of this loan, including all additions thereto, made as stated above, shall be deducted from the sum to be paid or allowed under the policy;" and, "The undersigned reserves the right to pay off said loan, or any part of it, at any time, and the company agrees to refund the amount of unearned interest from the date such payment is accepted."

As to the first proposition, we have been unable to find a parallel case; therefore, we will have to proceed from principles of analogy found in other cases. It was held in *Epping* v. *Columbus*, 117 *Ga.* 263, 276 (43 S. E. 803): "Interest is to be regarded as incidental to the debt; principal is always debt, and *the* debt. 'What is interest? It is an accessary or incident to the principal. The principal is a fixed sum, the accessary is a constantly accruing one. The former is the basis or substance from which the latter arises and on which it rests.'" Unearned interest is not a part of the debt, but as to accrued interest it may under certain circumstances be different. So it necessarily follows that the unearned interest in question never did become mingled or mixed with the principal loan debt or the face amount of the policy. In law, the interest, certainly the unearned portion of it, remained an integral within itself. Not only so, but it founded its origin, existence, and destiny within the contract which created it. Who are the parties

to this contract and what is their executory status to it? We think it plain that the insurer and insured are the parties. It was the loan value under the policy on the life of the insured from which the loan was available and was secured. It matters not who paid the premiums on the policy or the interest on the loan. Granting that either the premiums or interest were paid by the beneficiary (and we think under all the allegations of the petition it sufficiently appears the insured paid the interest or it was voluntarily paid by some one else for her sole benefit), this would not give the beneficiary any right to become attached or subrogated to the contractual right of the insured with regard to the unearned interest. While it is true that his name was signed to the loan agreement, this fact appears more as a recognition of him as the beneficiary of the policy rather than as conferring on him any rights beyond this. His is more of a passive, unilateral, recipient status than anything else. If, under the contract, any portion of this interest paid in advance was due by the company upon the death of the insured, it was not due the beneficiary. Let us inquire whether the executors under the will of the insured are entitled to recover the unearned interest. It was held in *State Mutual Life Insurance Co.* v. *Forrest,* 19 *Ga. App.* 296 (91 S. E. 428), when these same provisions of a policy were before the court, that where a loan was obtained for a year with an agreement that at the expiration of the year the insured was to pay another year's interest in advance, and where the insured died four months and eight days after the maturity of the loan, the insurer was not legally entitled to a full year's interest in advance, but only to the interest for four months and eight days.

We do not think it can be questioned that under the provision "The undersigned reserves the right to pay off said loan, or any part of it, at any time, and the company agrees to refund the amount of unearned interest from the date such payment is accepted," the insured had the right to repay the loan during her lifetime, and that the company was bound to accept payment and refund to her the unearned interest. The insurer could not refuse to accept payment and thereby refuse to refund the unearned portion of the interest, notwithstanding the phrase "from the date such payment is accepted." In the *Forrest* case, supra, according to the theory which the company now seeks to invoke, and which it sought in the

*Forrest* case to enforce under like provisions, the interest became due and payable immediately after the expiration of the loan year. Therefore, to all intents and purposes, the legal effect as to the unearned portion was the same as if the interest for the ensuing year had been paid when it became due. The payment or nonpayment did not operate to change the legal state under the contract affecting interest. The contract saving to the insured the right to pay the principal of the loan at any time within the year, and thereby procure a refund of the unearned interest, inured both to her during her lifetime and to her legal representative in the event of her death. Since she died within the year and the loan was paid by the company deducting the principal of it from the face of the policy, her legal representatives are entitled to collect the unearned portion of the interest which was paid in advance for a year.

As to the second proposition, from what has been said, the beneficiary had no authority to compromise the question of refunding the interest with the company. We do not pass on whether the facts presented would amount to an accord and satisfaction, even if the right to recover the unearned interest was vested in him.

The court did not err in the rulings on the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*